**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| Patricia Oliver | § | |
| *Plaintiff* | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 3:22-cv-00174 |
| | § | |
| The Kroger Co., et al. | § | |
| *Defendant* | § | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Plaintiff PATRICIA OLIVER, complaining of KROGER TEXAS L.P. and THE KROGER CO. (collectively referred to as "Defendants Kroger") and TARANTINO PROPERTIES, INC (herein referred to as "Defendant Tarantino") , and for cause of action Plaintiff would respectfully show unto the Court and Jury the following:

**I.  DISCOVERY CONTROL PLAN**

1.      Pursuant to TEX. R. CIV. P. 190, discovery in this case is intended to be conducted under level 2.

**II.  PARTIES**

2.      Plaintiff is a resident citizen of Brazoria County, Texas.

3.      Defendant KROGER TEXAS L.P. is an Ohio Limited Partnership registered to do business in the State of Texas and has been served and answered herein and are being served with this First Amended Complaint through its attorney of record.

4.      Defendant THE KROGER CO. is an Ohio For-Profit Corporation registered to do business in the State of Texas and has been served and answered herein and are being served with this First Amended Complaint through its attorney of record.

EXHIBIT A

5.     Defendant TARANTINO PROPERTIES, INC. is a Domestic For-Profit Corporation registered to do business in the State of Texas and may be served with process through its registered agent in the State of Texas: Anthony Tarantino, 7887 San Felipe, Ste. 237, Houston, Texas 77063.

### III.  VENUE & JURISDICTION

6.     Plaintiff would show that this lawsuit has been removed from State Court in Brazoria County, Texas and, because diversity of citizenship will be defeated with the filing of this complaint, the lawsuit should be remanded to State Court.

### IV.  FACTS OF CASE

7.     It has become necessary to bring this lawsuit by reason of injuries and damages suffered by Plaintiff Patricia Oliver on or about December 7, 2020, while a business invitee the Kroger Store parking lot #256 located at 1804 North Velasco Street, Angleton, Texas 77515. Defendant Kroger owned and operated the store, but have revealed in discovery that Defendant Tarantino was the landlord and responsible for the maintenance of the subject parking lot. Plaintiff would show that on or about said date, while in the parking lot of the subject Kroger store, she was injured when she slipped and fell on loose gravel in Kroger's parking lot. At all times relevant hereto, the premises of the Kroger Marketplace store and parking lot was owned, operated, controlled, maintained and/or supervised by Defendants Kroger and/or Defendant Tarantino.

8.     At all times relevant hereto, Defendant Kroger and Defendant Tarantino employees were acting within the course and scope of their employment with said Defendants.

## V.  CAUSE(S) OF ACTION

9.      At the time of the incident made the basis of this suit, Plaintiff was Defendants'

invitee and entered the subject premises at the express or implied invitation of the Defendants for

the parties' mutual benefit.  Defendants, jointly and severally, owed Plaintiff a duty to use ordinary

care to reduce or eliminate an unreasonable risk of harm created by a premises conditions or

activities about which they knew or should have known; to keep their premises safe for invitees

against known conditions and/or activities that pose unreasonable risks of harm; to take whatever

action is reasonably prudent under the circumstances to reduce or to eliminate the unreasonable

risk from that condition and/or activity; and to either adequately warn of the dangerous condition

and/or activity or make the condition and/or activity reasonably safe.

10.     Plaintiff will show that Defendants, jointly and severally, through their employees

and/or agents, breached the duties owed to Plaintiff through the following acts and/or omissions:

a)      In failing to continually have the premises inspected for dangerous conditions and/or activities located on the premises;

b)      In failing to remedy the dangerous condition and/or activity that it knew of, or in the exercise of ordinary care, should have known was present on the premises;

c)      In creating a dangerous condition and/or activity that it knew of, or in the exercises of ordinary care, should have known was present on the premises;

d)      In failing to warn persons similarly situated to your Plaintiff, including your Plaintiff, of the dangerous condition and/or activity located on said premises;

e)      In failing to supervise and/or train employees;

f)      In failing to warn of looming danger, specifically loose gravel in the parking lot;

g)      In failing to properly monitor the work and safety performance of their employees and/or other sub-contractors; and

e)      In more particularity to be shown at trial.

11.    Each and all of the above and foregoing acts on the part of the Defendants, jointly and severally, both of omission and commission, were negligent and constituted negligence and negligence per se, and were each and all a proximate cause of the occurrence in question and the injuries and damages suffered by your Plaintiff.

12.    All conditions precedent to Plaintiff's cause of action have been performed or have occurred.

### VI. DAMAGES

13.    Plaintiff, PATRICIA OLIVER has been damaged as a result of the occurrence made the basis of this lawsuit and the negligence of your Defendants. Plaintiff has suffered all legal elements of damages recognized by law, including, without limitation, physical pain and mental anguish, physical impairment, disfigurement, loss of ability to perform household services, loss of earnings or earning capacity, has incurred reasonable and necessary medical bills and expenses which have been paid by Plaintiff PATRICIA OLIVER, and will, in all reasonable probability, continue to suffer some or all of said legal elements of damages in the future beyond the date of trial of this cause.

14.    Accordingly, Plaintiff maintains this suit against Defendants, jointly and severally, for each of the foregoing legal elements of damages in an amount within the jurisdictional limits of this Honorable Court, to be determined under the sound discretion of a jury, plus pre-judgment and post-judgment interest, over $200,000.00 but less than $1,000,000.00.

### JURY DEMAND

Plaintiffs request a trial by jury.

### PRAYER

WHEREFORE, Plaintiff prays that Defendants be cited in terms of law to appear and

answer herein, and that upon final trial hereof, she have judgment as prayed for against Defendants, jointly and severally; that she have pre-judgment interest on said judgment as authorized by law; interest on said judgment at the legal rate from date of entry until paid; cost of court; and all such other and further relief, general or special, legal or equitable, to which she may show herself justly entitled and for which she will ever pray.

Respectfully submitted,

SANES & LARKIN LAW FIRM, LLP

Scott A. Sanes
Texas Bar No. 17630600
Federal Bar No. 07532
Pearland Town Center Offices East
11200 Broadway, Suite 2705
Pearland, TX 77584
(713) 799-8400 (Telephone)
(888) 328-7060 (Facsimile)
Email: scott@saneslarkin.com
*ATTORNEY FOR PLAINTIFF*

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of August of 2022, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing. Based on electronic records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following ECF registrant:

Troy A. Williams
Valerie Ly
GERMER, PLLC
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
twilliams@germer.com
vly@germer.com

Attorneys for Defendant

Scott A. Sanes